IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**EVA MARIE MARTIN**,

        Plaintiff,

vs.

**MICHAEL ASTRUE**, Commissioner
of Social Security,

        Defendant.

Civil Case No. 10-325-KI

OPINION AND ORDER

      David B. Lowry
      9900 SW Greenburg Road
      Columbia Business Center, Suite 130
      Portland, Oregon  97223

          Attorney for Plaintiff

      Dwight C. Holton
      United States Attorney
      District of Oregon

Page 1 - OPINION AND ORDER

Adrian L. Brown
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902

L. Jamala Edwards
Special Assistant United States Attorney
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington  98104-7075

    Attorneys for Defendant

KING, Judge:

Plaintiff Eva Marie Martin brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI").  I reverse the decision of the Commissioner and remand for a finding of disability.

## PROCEDURAL HISTORY

Martin protectively filed applications for DIB and SSI on January 6, 2003.  After a hearing, ALJ Jones found Martin not disabled in a decision dated November 9, 2004.  Martin eventually appealed that decision to this court, which reversed ALJ Jones' decision and remanded for further proceedings on September 26, 2006.  ALJ Jones conducted a second hearing and issued another unfavorable decision on October 16, 2007.  Martin filed a second case in this court, which reversed ALJ Jones' second decision and remanded for further proceedings on February 10, 2009.  ALJ Atkins conducted a third hearing and issued a decision on

February 5, 2010 in which he found Martin not disabled.  This third decision is the one before me for judicial review.

## DISABILITY ANALYSIS

The Social Security Act (the "Act") provides for payment of disability insurance benefits to people who have contributed to the Social Security program and who suffer from a physical or mental disability.  42 U.S.C. § 423(a)(1).  In addition, under the Act, supplemental security income benefits may be available to individuals who are age 65 or over, blind, or disabled, but who do not have insured status under the Act.  42 U.S.C. § 1382(a).

The claimant must demonstrate an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to cause death or to last for a continuous period of at least twelve months.  42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).  An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for either DIB or SSI due to disability.  The evaluation is carried out by the Administrative Law Judge ("ALJ").  The claimant has the burden of proof on the first four steps.  <u>Parra v. Astrue</u>, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. §§ 404.1520 and 416.920.  First, the ALJ determines whether the claimant is engaged in "substantial gainful activity."  If the claimant is engaged in such activity, disability benefits are denied.  Otherwise,

the ALJ proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c) and 416.920(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.

If the impairment is severe, the ALJ proceeds to the third step to determine whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant performed in the past. If the claimant is able to perform work she performed in the past, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. §§ 404.1520(e) and 416.920(e).

If the claimant is unable to perform work performed in the past, the ALJ proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his age, education, and work experience. The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities. Parra, 481 F.3d at 746. The claimant is entitled to disability benefits only if he is not able to perform other work. 20 C.F.R. §§ 404.1520(f) and 416.920(f).

**STANDARD OF REVIEW**

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is more than a "mere scintilla" of the evidence but less than a preponderance. Id. "[T]he commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision." Batson v. Barnhart, 359 F.3d 1190, 1193 (9th Cir. 2004) (internal citations omitted).

**THE ALJ'S DECISION**

After reviewing the evidence, ALJ Atkins found that Martin had severe impairments of osteoarthrosis with multiple arthralgias, diabetes, chronic headaches, depression, and a personality disorder. The ALJ also found that these impairments, either singly or in combination, were not severe enough to meet or medically equal the requirements of any of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1. The ALJ concluded that Martin had the residual functional capacity to perform light work; should never use ladders, ropes, or scaffolds; is limited to occasional climbing, stooping, and crawling; is limited to occasional overhead reaching, manipulating, handling, and fingering with her right hand; and is restricted to simple, routine, repetitive work. Based on expert vocational testimony, the ALJ found that Martin could perform her past work as an information clerk/sales attendant, namely a store greeter, and thus was not disabled under the Act.

## FACTS

Martin, who was 55 years old at the time of the last decision, claims to have been disabled since May 16, 2000.  She never completed high school or a GED and worked in the past as a cashier, gas station attendant, home caregiver, sales clerk, and greeter at a store.  Martin suffers from depression and other mental health issues, daily headaches, diabetes, pain in her right shoulder from a torn rotator cuff and torn bicep tendon, and she has difficulties using her right hand.  In 2007, a clinical psychologist gave Martin a neuropsychological screening which included a battery of tests.  The psychologist diagnosed Martin with borderline intellectual functioning with presenting histrionic features, as well as major depressive disorder–recurrent–moderate.  Martin's Full Scale IQ tested at 79.  In January 2007, Martin's mental health counselor reported that she was taking 25 medications daily.  The mental health counselor, as well as Martin's primary care physician, who sees her monthly, both think Martin is unable to work due to her physical and mental health problems.

## DISCUSSION

Martin argues the ALJ committed several errors, including:  (1) failing to comply with the prior remand order by not addressing Dr. Tai's psychiatric evaluation; the opinion of treating mental health counselor Jerry Shipp, LFMT; nurse practitioner Ellen Iwasaki's treatment notes for depression, PTSD, and diabetes; reports from counselors at Good Samaritan Ministries; Dr. Ethel-King's neuropsychological exam; and Michael Vaillancourt's lay witness statement; (2) failing to provide specific and legitimate reasons to reject opinions from Dr. Cogburn, mental health counselor Shipp, and Dr. David Wills; (3) failing to provide germane reasons to reject lay

witness statements from Aaron Webber and Joan Nelson; and (4) rejecting Martin's subjective testimony without stating clear and convincing reasons.

The Commissioner concedes that the ALJ erred in his evaluation of the record and asks me to remand the case for further administrative proceedings so the ALJ can: (1) specifically state the restrictions in Martin's residual functional capacity that result from her severe headache impairment; (2) give further consideration to the reports of nurse practitioner Iwasaki and P. Thompson, LPC; and (3) appropriately consider all lay witness statements.

The court has the discretion to remand the case for additional evidence and findings or to award benefits. McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). The court should credit evidence and immediately award benefits if the ALJ failed to provide legally sufficient reasons for rejecting the evidence, there are no issues to be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence is credited. Id. If this test is satisfied, remand for payment of benefits is warranted regardless of whether the ALJ might have articulated a justification for rejecting the evidence. Harman v. Apfel, 211 F.3d 1172, 1178-79 (9th Cir. 2000).

The "crediting as true" doctrine resulting in an award of benefits is not mandatory in the Ninth Circuit, however. Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003); Vasquez v. Astrue, 572 F.3d 586, 593 (9th Cir. 2009) (recognizing split within the circuit on whether the rule is mandatory or discretionary but not resolving the conflict). The court has the flexibility to remand to allow the ALJ to make further determinations, including reconsidering the credibility of the claimant. Connett, 340 F.3d at 876. On the other hand, "in the unusual case in which it is

clear from the record that the claimant is unable to perform gainful employment in the national economy, even though the vocational expert did not address the precise work limitations established by the improperly discredited testimony, remand for an immediate award of benefits is appropriate." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

The Commissioner has assembled a very long record over the years. On January 22, 2007, treating mental health counselor Shipp opined that Martin was totally disabled due to her physical health issues, the fact that she required 25 different medications every day, her difficulties taking public transportation due to severe pain, her inability to walk more than a block before being overcome by pain, her inability to do handicrafts for more than short periods of time, and her severe depression and occasional suicidal ideation. Tr. 1079. On May 16, 2006, Shipp completed a lengthy questionnaire sent from Martin's counsel in which Shipp concluded that Martin: (1) would have frequent deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner; (2) would have continual episodes of deterioration or decompensation in work or work-like settings which would cause her to withdraw from the situation or to experience exacerbation of signs and symptoms; and (3) would miss work more than four times a month. Tr. 1068-70.

On September 14, 2007, her primary care physician, Dr. Wills, completed a questionnaire and stated that Martin could not tolerate employment of eight hours a day at the light or sedentary levels of exertion and that it is likely that her health problems would worsen by attempting to do so. Dr. Wills included a Patient Chart Report which listed sixteen active diagnoses ranging from her torn rotator cuff to diabetes to recurrent major depression to anxiety disorder to stage 3 chronic kidney disease to fibromyalgia. Tr. 1322-24.

Page 8 - OPINION AND ORDER

If I credit this testimony, it is clear that Martin is disabled under the Act. There are no issues to be resolved on remand. Accordingly, I remand the case for a finding of disability.

## CONCLUSION

Defendant's Motion to Remand [19] is granted in part. The decision of the Commissioner is reversed. The case is remanded for a finding of disability.

IT IS SO ORDERED.

Dated this      26th      day of April, 2011.


          /s/ Garr M. King
          Garr M. King
          United States District Judge